■ EDWARD A. GRANNAS et al., v. CHARLES McCARTHY.— Motion granted insofar as to allow appellant to have the appeals heard in one appeal book, without duplication of printing, and on one set of appellant's points, and the stay contained in the order to show cause, dated February 19, 1960, is continued pending the hearing and determination of said appeals on condition that the appellant procures the record on appeal and appellant's points to be served and filed on or before March 29, 1960, with notice of argument for the May 1960 Term of this court, said appeals to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

## (March 17, 1960)

### (Republished)

■ GEORGE T. CLAYBOURNE, Respondent, v. GUARANTY TRUST COMPANY OF NEW YORK, Defendant, JOHN LOWRY, INC., Appellant, and CENTRAL CEMENT FINISHING Co., INC., Appellant-Respondent.— Judgment in favor of plaintiff against defendants modified, on the law and on the facts, to the extent of dismissing the complaint against the subcontractor defendant Central Cement Finishing Co., Inc., and the judgment is otherwise affirmed, with costs in favor of plaintiff-respondent against defendant-appellant John Lowry, Inc. and with costs in favor of defendant-appellant Central Cement Finishing Co., Inc. against plaintiff-respondent. On this record it is undisputed that the subcontractor had completed its work at least four days before the accident and that its work had been accepted by the general contractor. Any obligation to guard the protruding rods then fell upon the general contractor since at the time the subcontractor left the work the cement had not yet hardened sufficiently and any bending of the rods at such time was not feasible. It was also undisputed that between the general contractor and the subcontractor the cement company's work required that it leave the rods protruding and upright. It was also undisputed that between them the time interval which would follow before further structure would be placed upon the concrete pad was entirely within the discretion and knowledge of the general contractor. Consequently, there was no evidence to show that the subcontractor was guilty of any fault. Concur — Botein, P. J., Breitel, Rabin and Stevens, JJ.; McNally, J., dissents in part and concurs in part in opinion. Settle order. [See 10 A D 2d 47.]

■ RICHARD G. LENAEUS v. CRANES, INC, CRANES, INC. v. STEEL STRUCTURES, INC.— Motion for stay granted, except that the defendant may prosecute and defend any pending appeals, on condition that the appeal is argued or submitted on March 29, 1960. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ In the Matter of ANNA CORRIGAN against TEMPORARY STATE HOUSING RENT COMMISSION.— Motion for stay granted on condition that the appellant procures the record on appeal and appellant's points to be served and filed on or before March 29, 1960, with notice of argument for the May 1960 Term of this court, said appeal to be argued or submitted when reached, and on the further condition that the appellant pay to the landlord for use and occupation the same amount as was heretofore paid as rent. The arrears are to be paid within 10 days after the entry of the order herein and future payments are to be made on the first day of each and every month during the pendency of the appeal. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.